JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carol Franzese

## DEFENDANTS
The United States of America

**(b)** County of Residence of First Listed Plaintiff    New London
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    N/A
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Maki Law, LLC, 467 Naubuc Avenue, Glastonbury CT 06033

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1    U.S. Government
Plaintiff

❏ 3    Federal Question
*(U.S. Government Not a Party)*

☒ 2    U.S. Government
Defendant

❏ 4    Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | |
| | | | | ❏ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from Another District *(specify)*

❏ 6 Multidistrict Litigation - Transfer

❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2671 et seq.

Brief description of cause:
Dental Malpractice under Federal Tort Claim Act

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❏ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE
05/08/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CAROL FRANZESE,** | } | |
| **Plaintiff** | } | |
| | | **Civil No.** |
| **v.** | } | |
| | | |
| **THE UNITED STATES OF AMERICA,** | } | |
| **Defendant** | | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. 2671 et seq.

1. Plaintiff, Carol Franzese, is a citizen of the State of Connecticut, residing at 117 Bates Pond Road in Canterbury, Connecticut.

2. Defendant, United States of America, is the duly constituted and sovereign government of the United States of America; the U.S. Department of Health and Human Services is an agency of the executive branch of the United States federal government.

1

3. At all times relevant to this complaint the Defendant controlled, employed, directed and/or retained Danielle Trudeau, D.D.S. as the United States of America's employee, servant, agent, ostensible agent and/or joint venture.

4. At all times relevant to this complaint, Danielle Trudeau, D.D.S. acted within the course and scope of her office and employment with the Defendant.

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1346(b)(1) for the reason that Plaintiff's claim for damages accrued after January 1, 1945 and is for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the course and scope of their employment.

6. Venue is proper in this court pursuant to 28 U.S.C. 1391(e) for the reason that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the federal judicial district of Connecticut and the Plaintiff resides in the federal judicial district of Connecticut.

7. At all times relevant to this complaint, Plaintiff was a patient of United Community & Family Services (hereinafter "UCFS"), an entity providing health care services in Norwich, Connecticut.

8. At all times relevant to this complaint, UCFS was a Federally Qualified Health Center.

9.  At all times relevant to this complaint, UCFS employees acting in the course of their duties were employees of the federal government acting within the course and scope of their employment, for purposes of an action pursuant to the Federal Tort Claims Act.

10. At all times relevant to this complaint, Danielle Trudeau, D.D.S. was a part-time employee of UCFS.

11. On or about August 17, 2017 Plaintiff was treated at UCFS by Trudeau for extraction of tooth 14, and continued to treat with UCFS and Trudeau through at least October 13, 2017 for problems related to tooth 14 and the extraction site.

12. Trudeau had a duty to use appropriate care and caution while performing the aforementioned extraction on Plaintiff, and during aftercare visits related to said extraction.

13. Trudeau failed to use appropriate care and caution while treating the Plaintiff.

14. The Plaintiff's condition, and her resulting harms and losses set forth below, were proximately caused by the negligence and/or carelessness of Trudeau in one or more of the following ways:

    a.  In that she failed to take appropriate radiographic images of tooth 14 and the surrounding area to determine anatomical landmarks and critical anatomy for successful extraction of tooth 14;

b.  In that she inappropriately relied on years-old radiographs of the extraction area to
    perform her extraction of tooth 14;

c.  In that she failed to prevent injury to the Plaintiff during the extraction;

d.  In that she failed to offer Plaintiff the option of having the extraction performed
    by a specialist;

e.  In that she caused an oral-antral communication by extracting tooth 14;

f.  In that she failed to take appropriate medical action post-extraction to address
    Plaintiff's injury;

g.  In that she overrode Plaintiff's antibiotic prescription given by a medical
    specialist without consulting said specialist, causing Plaintiff's post-operation
    infection to worsen.

15. As a direct and proximate result of the negligence and/or carelessness of Dr. Trudeau,
    the Plaintiff suffered an oral-antral communication, infections, and purulent discharge
    from the extraction site.

16. As a further direct and proximate result of the negligence and/or carelessness of Dr.
    Trudeau, the Plaintiff was forced to undergo additional treatments and assessments, take
    additional medication, and undergo significant additional medical procedures, to her loss
    and detriment.

4

17. As a further direct and proximate result of the negligence and/or carelessness of Dr. Trudeau, the Plaintiff was forced to incur substantial additional medical bills for treatment, to her loss and detriment.

18. As a further direct and proximate result of the negligence and/or carelessness of Dr. Trudeau, the Plaintiff suffered from pain, discomfort and disfigurement, as well as physical injury to her mouth and jaw.

19. As a further direct and proximate result of the negligence and/or carelessness of Dr. Trudeau, the Plaintiff was impaired in her ability to pursue and enjoy life's pleasures.

20. As a further direct and proximate result of the negligence and/or carelessness of Dr. Trudeau, the Plaintiff suffers from facial disfigurement which will likely be permanent in nature.

21. Plaintiff has appended hereto the redacted opinion of a similar healthcare provider opining as to the negligence of Dr. Trudeau as Exhibit A.

22. The Plaintiff has further appended hereto a certificate of good faith signed by her counsel as Exhibit B.

23. The Defendant United States of America is liable for the personal injuries and losses caused by the negligence and/or carelessness of Dr. Danielle Trudeau, as a deemed employee of the federal government while acting within the scope of her employment

pursuant to the Federal Tort Claims Act, 28 U.S.C. Sectionsd 1346(b) and 2671 et seq. to the extent the Federal Tort Claims Act constitutes a waiver by Defendant United States of America of the federal government's immunity from tort liability.

24. Plaintiff timely filed in good faith a Standard Form 95 with the Office of the General Counsel, U.S. Department of Health and Human Services, Attn: Claims, 330 C Street W, Switzer Building Suite 2600, Washington DC 20201 on September 23, 2019, setting forth administrative tort claims directed at Defendant United States of America with required attachments and supporting documentation.  Plaintiff's Standard Form 95, without exhibits, is attached to this complaint as Exhibit C and incorporated herein by reference.

25. On January 6, 2020 the Defendant United States of America, by and through the Department of Health and Human Services, denied Plaintiff's claim.  A copy of said denial is attached to this complaint as Exhibit D and incorporated herein by reference.

26. On January 31, 2020 Plaintiff timely requested reconsideration of the aforementioned denial.  A copy of Plaintiff's request for reconsideration is attached to this complaint as Exhibit E and incorporated herein by reference.

27. On February 21, 2020 the Defendant United States of America, by and through the Department of Health and Human Services, denied Plaintiff's request for reconsideration.

6

A copy of said denial is attached to this complaint as <u>Exhibit F</u> and incorporated herein by reference.

28. Plaintiff's action has been timely filed in the United States District Court for the District of Connecticut.

WHEREFORE, Plaintiff claims of the Defendant, United States of America, damages in the amount of $300,000.00.

THE PLAINTIFF
CAROL FRANZESE

BY_____
Brennen Maki (ct25900)
Maki Law, LLC
467 Naubuc Avenue
Glastonbury CT 06033
Office: 860.269.5780
Fax: 860.221.3947
Email: brennen@makilawct.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CAROL FRANZESE,** | } |
| **Plaintiff** | } |
| | } **Civil No.** |
| **v.** | } |

**THE UNITED STATES OF AMERICA,** }
   **Defendant**

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this Complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

9

investigation or discovery; and (4) the Complaint otherwise complies with the requirements of
Rule 11.

Dated May 8, 2020.

THE PLAINTIFF

CAROL FRANZESE

BY_____

Brennen Maki (ct25900)

Maki Law, LLC

467 Naubuc Avenue

Glastonbury CT 06033

Office: 860.269.5780

Fax: 860.221.3947

Email: brennen@makilawct.com

**EXHIBIT A**

Michael M. Greenwald, DDS, MS
50 Quanopaug Trail
Woodbury, CT  06798

**Certificate of Good Faith (52-190a)**


Brennen Maki, JD

re: Carol Franzese
DOB  ˙ˑˊˑˋʻˑˊ


I am currently a General Dentist in good standing, licensed in the State of Connecticut, and have been actively practicing within the field clinically as well as academically for over 30 years. I am very familiar with the clinical aspects of oral surgery principles and practice and have been clinically involved with oral surgical procedures for over 30 years. I have a good faith belief that there has been negligence in the care and treatment of Ms. Carol Franzese. The detailed basis for the formation of this opinion is set forth below.

# HISTORY

Carol Franzese, a 69 y.o. Female patient presented to her general dentist Dr. Danielle Trudeau for regular dental care. Dr. Trudeau had addressed the issue that tooth #14, upper left first molar, was non restorable due to significant decay, and therefore an extraction was indicated. Dr. Trudeau relied on radiographs presented by the patient that were 3 (three) years old. Dr. Trudeau did not take a current radiograph of the tooth she intended to extract. Dr. Trudeau proceeded to perform the extraction of tooth #14, and post-operatively noted that she could see the floor of the sinus. This has created an Oral-Antral Communication. The patient was repeatedly seen after this initial treatment by Dr. Stewart in order to treat what was determined to be a granulation tissue. Dr. Stewart made a referral to an oral surgeon for further evaluation and treatment.

Ms. Franzese had seen an Otolaryngologist for further evaluation. Dr. Lesnik, MD determined a large Oral Antral Fistula was present, secondary to a tooth extraction. Dr. Lesnik had attempted with multiple surgeries to close the persistent oral antral fistula. Over a period of approximately 10 months, the oral antral fistula was unable to be successfully closed. Dr. Lesnik subsequently referred the patient to Yale department of Otolaryngology. Ms. Franzese underwent surgical intervention in order to eventually have a satisfactory closure of the Oral Antral Fistula.


# OBSERVATIONS

There appears to be several areas of concern of falling below the standard of care with respect to the treatment of Ms. Franzese.

One observation is that the patient is not afforded the option of a referral to an Oral Surgeon for extraction of the upper left molar.

More importantly, Dr. Trudeau relied solely on radiographs that were 3 years old. There is

significant active disease process present on the films presented by the patient from 2014.  In a period of 3 years, decay will continue to take an active direction.  Dr. Trudeau was not able to determine the difficulty of the extraction OR whether the patient should be referred to an Oral Surgeon.

Dr. Trudeau was unable to determine the extent of bone destruction at the apicies of the tooth in question, including whether there was a closed communication from the tooth and the sinus due to bone destruction from the active infection.  Proper diagnosis of high risk Oral Antral Communication potential is based on proper diagnosis, including individuals presenting with a radiographic sign of a large maxillary molar root or close root proximity to the sinus floor.  CDA Oasis "How Do I manage Oroantral Communication? Key Points" March 19, 2013

Dr. Trudeau's post surgical treatment including gel-foam and sutures is not based on appropriate decision making standards when it comes to closure of an oralantral fistula.  Surgical and radiographic reports support the presence of a 1 cm communication.  It has been cited that defects over 5mm rarely heal spontaneously, and typically require surgical intervention. The patient should have been referred to an Oral Surgeon or ENT immediately in order to avoid the Oral Antral Communication from becoming an Oral Antral Fistula (int J Implant Dent 2019 dec 5: 13).  The lack of immediacy of referral has proximate cause to the subsequent development from Oral Antral Communication to Oral Antral Fistula. Untreated larger defects can lead to development of acute sinus disease like sinusitis(50% of patients within 48 hours).  The Oral Antral Fistula will develop with 48 hours if the defect is not properly treated.  (World J Plast Surg. 2017 Jan; 6(1): 3-8

Further evaluation of the films from 2014 clearly show active disease process and significant proximity of the palatal root of the upper left molar to the floor of the left sinus.

At this point, a current radiograph would have been the Standard of Care, allowing the dentist to responsibly diagnose the condition and treatment options required, including the option of referral to an Oral Surgeon for the extraction.

It is also notable that upon a follow up visit in October of 2017 Dr. Stewart (a dentist and coworker with Dr. Trudeau) had initially recommended a referral to an Oral Surgeon for evaluation and treatment due to a "large sinus exposure."  The patient subsequently went to an ENT, Dr Lesnik.  Dr Lesnik started the patient on a prescription of Clindamycin.  Several days later the patient again reports to Dr. Stewart for a follow up visit.  The patient reports to Dr. Stewart that she is experiencing diarrhea from what she suspected was the Clindamycin.  Dr. Stewart chose to override the ENT (Dr. Lesnik) recommended prescription by discontinuing the clindamycin and changing the prescription to Azythromycin of 250mg once a day for 3 days after a 1 day loading dose without advice or consult with Dr. Lesnik.  Additionally, Dr. Stewart chose a dosage well below the recommended manufacturers dosage of 500mg once a day for 3 days, greatly decreasing the efficacy of the antibiotic therapy.

It is of my opinion that the rendering dentists failed to meet the Standard of Care with respect to treatment options and risks, practicing to the standards of oral surgical case management including but not limited to proper and current diagnostic tools, medication management, proper specialty referral, proper timely management of Oral Antral Communications and post surgical management of Oral Antral communications.

Respectfully,

Michael M. Greenwald, DDS, MS

<u>**EXHIBIT B**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CAROL FRANZESE,                    }
    Plaintiff                         }
                                             }              **Civil No.**

    v.                                }

THE UNITED STATES OF AMERICA,  }
    Defendant

## CERTIFICATE OF GOOD FAITH

This is to certify that I have made reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of Carol Franzese.  This reasonable inquiry gives rise to a good faith belief that grounds exist for an action against the named Defendant.  Attached hereto is a redacted opinion letter concerning the plaintiff pursuant to C.G.S. § 52-190a.

THE PLAINTIFF,

Brenner Maki
Maki Law, LLC
Her Attorneys

·7·

**EXHIBIT C**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| US Department of Health & Human Services Office of the General Counsel, General Law Division, Claims and Employment Law Branch Attn: CLAIMS 330 C St. SW, Switzer Bldg Suite 2600, Washington DC 20201 | Carol Franzese, 117 Bates Pond Road, Canterbury CT 06331 c/o Maki Law, LLC 270 Farmington Avenue Suite 346, Farmington CT 06032 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 10/ /19 | Single | 08/31/2017 | 10/10/2017 | various |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached letter and accompanying materials.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Oral-Antral Communication and Fistula caused by negligent extraction of tooth 14, worsened by improper follow up treatment provided post-extraction. See attached letter and accompanying materials.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Carol Franzese | 117 Bates Pond Road Canterbury CT 06331 | |
| Danielle Trudeau, DDS | 727 Norwich-New London Tpke, Uncasville CT 06382 | |
| Joetta Stewart, DDS | 47 Town Street, Norwich CT 06360 | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 300,000.00 | 0.00 | 300,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Carol A. Franzese* | 860-556-3913 | 09/20/2019 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**EXHIBIT D**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

Date:     JAN - 6 2020

**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
(Article No. 7019 1120 0001 7113 8226)

Brennen Maki, Esq.
Maki Law, LLC
270 Farmington Avenue, Suite 346
Farmington, CT 06032

Re:     **Administrative Tort Claim of Carol Franzese**, Claim No. 2019-0769

Dear Mr. Maki:

On September 24, 2019, on behalf of your client, Carol Franzese, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on August 31, 2017, Danielle Trudeau, DDS, and Joetta Steward, DDS, employees at United Community and Family Services, Inc., located in Norwich, Connecticut, negligently extracted Ms. Franzese's tooth #14, resulting in Ms. Franzese suffering a punctured sinus cavity.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment.   Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a).   The administrative tort claim of Carol Franzese is denied.   The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, she is entitled to:

1.     file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Brennen Maki, Esq.
Re:   Claim No. 2019-0769
Pg. 2

2.   file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the claim within six (6) months from the date the request is received.   If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

*Jennifer B. Smith (by jca)*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

**EXHIBIT E**



## MAKI LAW

**Brennen Maki**
*Attorney*

E-mail:
brennen@makilawct.com

**Main Office**
467 Naubuc Avenue
Glastonbury, CT 06033

**The Exchange (Building 3)**
270 Farmington Avenue, Suite 346
Farmington, CT 06032

860.269.5780 - tel
860.221.3947 - fax
**MakiLawCT.com**

January 31, 2020

US Department of Health & Human Services
Office of the General Counsel, General Law Division, Claims and Employment Law Branch
Attn: Jennifer B. Smith, Acting Deputy Associate General Counsel
330 C St. SW, Switzer Bldg Suite 2600,
Washington DC 20201
**Via Fedex Overnight/Signature Required**

Re:     <u>Carol Franzese v. Trudeau et al</u>

Dear Attorney Smith:

I am in receipt of your letter dated January 6, 2020 denying the administrative tort claim of Carol Franzese.  Please allow this letter to serve as Ms. Franzese's request for reconsideration pursuant to 28 C.F.R. 14.9.

Your written denial indicates that "the evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment."

We are requesting reconsideration and/or clarification of this determination.  Is it the Department's position that Danielle Trudeau, DDS was <u>not</u> a covered federal employee at the time she treated Ms. Franzese?  I have attached hereto a letter from CHS in which it was <u>expressly represented</u> to my office that Dr. Trudeau was a part-time employee of CHS, and thus fell under the FTCA for tort claim purposes.

If HHS has determined Dr. Trudeau <u>was not</u> a covered employee during her treatment of Ms. Franzese, please so advise so that we may pursue Ms. Franzese's remedies in state court.



**MAKI LAW**

5/7/20
Page 2

If HHS has determined Dr. Trudeau <u>was</u> a covered employee, but simply disagrees that the evidence shows she was negligent, please explain why so we may pursue this matter pursuant to the FTCA.

Thank you for your review of this matter; we look forward to your response.

Very truly yours,

Brennen Maki

**EXHIBIT F**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

FEB 2 1 2020

**CERTIFIED-RETURN**
**RECEIPT REQUESTED**
Brennen Maki, Esq.
Maki Law, LLC
270 Farmington Avenue, Suite 346
Farmington, CT 06032

Re:   **Administrative Tort Claim of Carol Franzese**
       **Claim No. 2019-0769**

Dear Mr. Maki:

On September 24, 2019, you filed an administrative tort claim on behalf of your client, Carol Franzese, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, alleging, *inter alia*, that, on August 31, 2017, Danielle Trudeau, DDS, and Joetta Steward, DDS, employees at United Community and Family Services, Inc., located in Norwich, Connecticut, negligently extracted Ms. Franzese's tooth #14, resulting in Ms. Franzese suffering a punctured sinus cavity. By letter dated January 6, 2020, your client's administrative tort claim was denied, and you were notified of the right to request reconsideration within six months from the date of mailing of the denial letter. On February 3, 2020, this agency received your client's request for reconsideration. The agency now responds to your client's request for reconsideration with regard to this administrative tort claim.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b) (2011).

Your client's claim was initially denied because the evidence failed to establish that her alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment. We have again reviewed your client's administrative tort claim, and determined that the initial decision denying your client's administrative tort claim was correct. Specifically, the standard of care was met by Danielle Trudeau, DDS, and Joetta Steward, DDS. Accordingly, the administrative tort claim of Carol Franzese is denied.

Brennan Maki, Esq.
<u>Administrative Tort Claim of Carol Franzese</u>
Page 2


If your client is dissatisfied with this determination, she is entitled to file suit against the United
States in the appropriate federal district court within six (6) months from the date of mailing of
this determination (28 U.S.C. § 2401(b)).


Sincerely,

Jennifer B. Smith (by jca)

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut ☒

| | |
|---|---|
| Carol Franzese | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  United States of America
c/o U.S. State's Attorney John H. Durham
450 Main Street Room 328
Hartford CT 06103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Brennen Maki, Esq.
Maki Law, LLC
467 Naubuc Avenue
Glastonbury CT 06033

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:     05/08/2020

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: